Mr. Carpenter. Thank you, Your Honor. May it please the Court, Kenneth Carpenter appearing on behalf of Mr. David Mayberry. Mr. Mayberry appeals a decision of the Veterans Court concerning the interpretation of 38 U.S.C. 105A. The Veterans Court in this case erroneously determined that the Board, in its 2009 decision, had correctly interpreted Section 105A by concluding that it did not establish a presumption of service connection at the 1984 Board decision. Mr. Carpenter, I have a question for you, and it's a long one because I'm going to quote some things, but I want to walk you through it. In your opening brief at page 7, you quote the 2009 Board decision, and you quote them as saying that, however, 38 U.S.C. 105A does not establish that any claimed disease or injury in the line of duty is entitled to service connection. And you state that's a misinterpretation of the statute and our interpretation of the statute found in Shedden. However, in that 2009 Board decision, immediately after the section you quote, the Board explicitly says, and I'm going to quote from what they said, indeed, nowhere in the lengthy motion is it explained why 38 U.S.C. Section 105 creates any such presumption. It merely stated numerous times that such presumption allegedly exists. The Board observes that there is a presumption arising from 38 U.S.C. 105 as an injury incurred during active duty military service will be deemed to have been incurred in the line of duty unless the injury was a result of willful misconduct, alcohol abuse, and so on. A finding of willful misconduct is an independent finding which negates the line of duty presumption. Then I'm going to emphasize Section 105 establishes a presumption in favor of a finding of line of duty. And that's signed Smith v. Derwinski. Emphasis added by the Board and I tried to do that. Isn't that exactly what we said in Shedden? Exactly? I'm not sure it is precisely what this Court said in Shedden. What this Court said in Shedden was... Let me read to you. Thus, while Section 105A establishes a presumption that the disease or injury incurred during active duty is service-connected, the veteran seeking compensation must still show the existence of a present disability and that there is a causal relationship between the present disability and the injury, disease, or aggravation of a pre-existing injury or disease incurred during active duty. And that's the part, Your Honor, that the 2009 Board decision both left out and failed to correctly apply when reviewing the 1994 Board decision or whether or not the presumption in that case had or had not been correctly applied. In other words, it's the existence of the causal relationship which we believe exists in this case that did not exist in the Shedden case. In your opening brief at 8 and 9, you say that in Shedden, we stated that a disability must be deemed service-connected and the, quote, only exception to this presumption is where such injury or disease was the result of the person's own willful misconduct of alcohol or drugs. Isn't that the exact opposite of what we said in Shedden? I don't think so, Your Honor. How is that the exact opposite? I guess I apologize, but I'm not seeing the distinction there. Okay. But... Is it your position that 105A should be construed as creating a presumption relevant to the nexus requirement? No, ma'am. No. And that's why the focus below was incorrect on the line of duty determination as being the exclusive function of 105. 105 creates the presumption that if something happened during service, then that will be deemed to be service-connected. In order to get compensation under Shedden, Shedden said while the Veterans Court misinterpreted that 105 did not create a presumption, that the reason that Shedden was not reversed but was in fact affirmed was because in Shedden there was no evidence of a causal relationship. In this case, in 1984, there was evidence of a causal relationship because the evidence showed that there was an injury to the back during service and that there was post-service documentation of a disability resulting from the same portion of the back. And how precisely are you alleging that they misconstrued 105A? How should they have construed it? Well, the Veterans Court said in its decision that there was no need for the board to discuss 105 in its 1984 decision. And that is a misinterpretation of the statute because that statute is pertinent to the entitlement of a veteran to the statutorily created presumption that when an injury takes place during service, it will be deemed to be service-connected and there shall be compensation paid in the event that there is evidence of a causal relationship between the current disability demonstrated post-service and what happened during service. What the Veterans Court did was to rely on that portion that I cited from the board's decision in 2009 and say that that was not necessary for the board in 1984. Why did the board not do in 1984 that it should have done? It did not afford the veteran the benefit of the presumption under 105A. That presumption being limited to whether or not something was in the line of duty and not being the presumption with regard to the nexus. You would agree, right? I thought we started this by agreeing that 105A did not create any presumption with regard to the nexus. It does not with regards to the nexus, but it does with regard to the injury in this case that took place during the period of active duty. In 1984, did they not allow the benefits because they said it didn't occur in the line of duty? They didn't afford him the benefit of that presumption. They didn't say that this injury is acknowledged to have occurred during service and therefore we will presume that this condition is deemed to be service-connected and you'll receive compensation only if there's no medical nexus. What they didn't say in 1984 was that you were entitled to the benefit of that presumption and then make the examination as to whether or not there was or was not evidence relating the current disability to the injury in service. And in this case, there was extant evidence. Well, but that's a factual question we can't reach. In 1984, the board said that there's no showing of continuity of symptomology, etc., etc. So those are factual questions. We can't reach those. You can't sit here and say, but there was evidence. It's irrelevant to us. No. It's not in our jurisdiction. And I'm not asking this court to examine what took place in 1984. I'm asking this court to examine what the Veterans Court did in reviewing the 2009 decision. And the court below said that the 2009 decision was not required to have required consideration of 105 in 1984. And that is a misinterpretation of 105A. Because there wasn't a dispute about line of duty or whether the injury was the result of some sort of willful negligence. What they said is you can't link up these two injuries. There's too much time has passed. There's no showing of chronicity. It turned out that finding was wrong, and they've undone it, but only after an additional medical report was provided. There was no showing at the time. I can't revisit those facts, whether I agree with them or not. I don't see how this is a statutory interpretation argument, Mr. Carpenter. I don't see the regulation that's being interpreted. I don't see the statute. The statute was relied upon by Mr. Mayberry when he presented his allegation of clear and unmistakable error. And they didn't reject him on the line of duty basis? No, Your Honor. What relevance does the statute have? He wasn't rejected on the basis of the failure to give him the presumption here. This presumption is irrelevant. They assumed the entitlement in that regard. They just said there's no causal link. But they didn't say that in 1984, except on the basis of continuity of symptomatology. What they should have done was to afford him the benefit that his injury was deemed to have been service-connected as required. You say they didn't do that in 1984, but the Veterans Court seems to suggest that they did. They hinged their decision on causation. They hinged their decision on causation when they made the statements about chronicity of the symptomatology. And so that's a factual finding. That's the Veterans Court expressing its beliefs about facts that the Board reached. But chronicity, Your Honor, is a different legal theory of entitlement than is the... No, it's causation. It goes to the heart of causation. And you agreed with Judge Prost, contrary, it seems to me, to what's in your brief, you agreed with Judge Prost that this particular Section 105A is a limited presumption, limited to line of duty. But it is not limited to line of duty. With due respect, Your Honor, it is entitled to the presumption of service connection. No, no, no, no, no. What about Dye? What about Horton? How are you going to get around those? Those cases are directly in point. Your statutory interpretation argument here borders on frivolous, as far as I'm concerned. You better tread lightly, because we've decided this exact case, and you were counsel on both of them. In this case, Your Honor, the court below specifically relied upon 105A and said that 105A was not necessary. And it was necessary because in Shedden, this court said that 105A affords the veteran a presumption of service connection. And it is unfair to categorize it as merely limited to a line of duty determination. So if we don't want to limit it to a line of duty determination, you already agreed that it doesn't affect the next requirement. So what is the missing piece? The missing piece is to have been afforded that. Been afforded what? The benefit of the presumption of service connection. Had 105A been afforded... With regard to the line of duty or beyond the line of duty? No, with regard to the presumption of service connection, to presume that his back injury was service-connected if there was extant evidence in 1984 that connected the post-service disability. And in this record, there was. That's a fact question. The board said there wasn't. The Veterans Court said there wasn't at the time the board was reviewing it. We can't get at that fact question. Dye says in the present case, Dye did not show a causal relationship between his in-service and post-service medical problems. The presumption, this is the 105A presumption as you well know, cannot fill that gap and is therefore irrelevant. But in this case, Your Honor, if you provide that and the extant evidence exists, what a... I don't get to review the extant evidence. There's a fact finding. The fact finding below binds me. I don't have jurisdiction over it. This case is identical to Dye. Identical. It is not identical to Dye, Your Honor, because in this case, we have a decision by the Veterans Court that expressly says that 105A did not have to be discussed in 1984. 105A was not discussed... ...by this court that says the presumption is irrelevant when there's no showing of a causal relationship. But this arises in the context of Q, Your Honor. In the context of Q, what is to be reviewed by the board in 2009, not by the board in 2004, is whether or not there was extant evidence of that causal relationship. He was entitled to the benefit of 105A in both 1984 and in 2009 and a review of the extant evidence. He didn't get that in any of the board's decisions and the court below said that was not necessary. You're into your rebuttal time and want to say that? Yeah. Thank you. Mr. Jabour? Thank you, Your Honor, and may it please the court. I'll be brief on this. It seems that Mr. Carpenter is now in agreement with us that Section 105A does not speak at all to the nexus requirement in order to receive compensation for a current disability. I'm not sure that Mr. Carpenter is all that clear. He says it's service connection. Well, that's the whole ball of wax, right? Service connection is everything, which would include the nexus. So I don't see how his... I'm noting an inconsistency in his argument. Perhaps you can explain to me the difference. Okay. Service connection, Your Honor, you are correct. Service connection refers to the three-part test. You're required to show a current disability, an in-service injury, and a nexus between the two. He's saying 105 gives you a whole hog service connection. Therefore, he's saying it necessarily includes nexus, right? I mean, isn't that one way to understand the argument he's making? I know it's a bit confusing. Right. That is one way that you could characterize his argument. In that case, there would be no need to ever engage in a service connection analysis because then basically every veteran would be presumed to be entitled to compensation. It would basically obviate the entire service connection framework. And we've been clear in our cases saying that that's not the way it should be interpreted. That's exactly right, Your Honor. And so basically there was no reason in this case for the 1984 board to consider the Section 105A presumption because it was never a matter of controversy that Mr. Mayberry's injury was incurred in the line of duty. So really, we believe that this case is basically just a pure challenge to a factual determination, the weighing of factual evidence, and therefore is beyond the court's jurisdiction. Well, either it's that or it's to the extent it's a statutory interpretation question. I mean, right? We've already decided that the statute 105A doesn't meet what the argument says. That's right. I agree there is some language in Shedden, though, that says service connection broadly, which seems to be what Mr. Carpenter is hinging his argument on. I agree Dian Fortin come along later citing Shedden expressly and making clear that it doesn't fill in the gap of causation. But do you agree that Shedden does broadly use the language service connection at one point in its discussion? I mean, there is some potential lack of clarity in the Shedden case, but Shedden also is very clear that it is not automatically presuming compensation for current disabilities. And it says that even after applying the Section 105A presumption, it is still necessary to show the existence of a present disability, that first factor, and also a causal relationship between the present disability and the in-service injury, that third factor. So Shedden is very clear. Yeah, but it's confusing. I mean, the confusing part of Shedden for me is that they talk about the service connected portion of the statute, meaning incurred in the line of duty, and that just really isn't correct, right? Service connection should refer to the entire three-part test. It shouldn't refer to only the second. It's like a Venn diagram. One is included in the other, but the other is not inclusive. Sure, that sounds right. Line of duty is line of duty. Correct. It's doing your job. Correct. Service connection should be all three factors that are required to establish compensation for disability. So either this case is controlled by the court's precedent in Shedden, Dye, Holton, and Conley v. Peake, or this is just purely a challenge to a factual determination. In either event, this court should affirm the decision of the Veterans Court. Thank you. Let me make one last effort. Service connection in the context of 105A, based upon this court's decision in Shedden, establishes the incurrence element, that an injury was incurred. In order to receive compensation, you must not only show incurrence, but you must show a current disability and that that current disability is related to service. It is Mr. Mayberry's position that had he been afforded the benefit of 105A and the incurrence been established, then as opposed to looking merely to... Is it your read of 105A that there's a presumption that there's an... No, Your Honor. I'm sorry. Apparently, I'm still not making myself clear. The presumption under 105A gives the Veteran a presumption of incurrence, that the injury was incurred during service while in active duty. But that element is only one of three elements necessary to receive compensation. Our view is that having not been afforded the benefit of the 105A presumption, that incurrence was denied Mr. Mayberry in the 1984 decision. We raised that issue before the Board in 2009. Based upon the fact that we were required to show that had there been an affording of that presumption of incurrence, that there would have been a manifestly different outcome. And the manifestly different outcome would have occurred because there was evidence extant in 1984 for the Board in 2009 to have revised the decision in 2000... but for the failure to correctly consider and apply 105A's presumption. And it is precisely the confusion about the presumption. I do not believe that it is a fair statement that service connection equates to the elements of compensation. Service connection in the context of 105A deals only with the element of incurrence. Thank you very much, Your Honor. The case is submitted.